## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

| | | |
|---|---|---|
| JOHN W. BRIDGEWATER, | * | |
| ADC #652210 | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 5:13CV00076-JJV |
| CORIZON INC.; *et al.,* | * | |
| | * | |
| Defendants. | * | |

### MEMORANDUM AND ORDER

Before the Court is a Motion to Dismiss for Failure to State a Claim by Defendants Cavallo[1] and Corizon, Inc. (Doc. No. 12.) Since filing of the Motion, Plaintiff has amended his claims. After careful review, the Court finds the Motion should be GRANTED in part and DENIED in part.

**I.   STANDARD OF REVIEW**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). While specific facts are not necessary, a pleading that offers only "labels and conclusions" or "a formulaic recitations of the elements of a cause of action will not do." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In order to meet the Rule 8(a) standard and survive a motion to dismiss under Rule 12(b)(6), the factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic*, 550 U.S. at 570); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585,

---

[1] Defendant's true name is Michelle Cavallo. (Doc. No. 13.) The Clerk of the Court shall change the docket to reflect the correct spelling of her name.

594 (8th Cir. 2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic*, 550 U.S. at 556); *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic*, 550 U. S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic*, 550 U.S. at 570).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson*, 551 U.S. at 93-94; *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden*, 588 F.3d at 594.

## II.    ANALYSIS

Title 42 of the United States Code, section 1983, allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    Corizon, Inc.

Plaintiff states, "Corizon Inc. is the Corporation that hired Dr. Moore and Nurse Cavallo and is responsible for doing back-ground checks on who they hire and making sure they have a license to practice in that area they are assigned to." (Doc. No. 26 at 2.) He later states he is suing because of "[t]he actions of Corizon Inc. hiring a doctor w[ith]out a license." (*Id.* at 4.)

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (internal quotations omitted). For liability under § 1983 to attach, there must be "a causal link to, and direct responsibility for, the deprivation of rights." *Madewell*

3

*v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

To the extent that Plaintiff is seeking to hold Corizon liable under a theory of respondeat superior, it is well settled that respondeat superior is inapplicable to claims under § 1983. *See Royster v. Nichols*, 698 F.3d 681, 692 (8th Cir. 2012); *Briscoe v. Cnty. of St. Louis, Missouri*, 690 F.3d 1004, 1011 (8th Cir. 2012); *Schaub v. VonWald*, 638 F.3d 905, 924 (8th Cir. 2011). And any allegation of negligent hiring fails to amount to a constitutional claim. *See Estelle v. Gambler*, 429 U.S. 97, 106 (1976). Therefore, Defendant Corizon Inc. is DISMISSED from this cause of action.

### B. Michelle Cavallo

Since filing of the Motion to Dismiss, Plaintiff included more allegations against Ms. Cavallo. He states, "On February 21, 2013, the plaintiff was refused medical treatment for chest pains by Nurse Michelle Cavallo." (Doc. No. 26 at 3.) He further states he was not seen by a nurse despite repeated requests for medical care. *Id.* Accordingly, the Court concludes that Plaintiff has stated enough to survive a motion to dismiss.

Additionally, comparing the documents filed with his Complaint (Doc. No. 1) with the Motion to Dismiss, the record remains unclear as to whether Plaintiff exhausted his administrative remedies with regard to Ms. Cavallo. Plaintiff states he "exhausted his administrative remedies with respect to all claims and all defendants." (Doc. No. 26 at 4.) Therefore, Motion to Dismiss is DENIED as to Ms. Cavallo.

### C. Wendy Kelly

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek

monetary relief from a defendant who is immune from such relief.

Plaintiff alleges "Defendant Wendy Kelly is responsible for all grievances related to medical and waits 4 months to respond. After several weeks the plaintiff has received no response from the medical department." (Doc. No. 26 at 3.)

As a general principle, prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir .2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir.1997). And allegations against Ms. Kelly based on her grievance responses do not support a claim for relief. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993). Ms. Kelly's alleged failure to properly process Plaintiff's grievances is not actionable under § 1983. So Plaintiff fails to state a claim against Ms. Kelly and she should be dismissed as a Defendant.

### III.   CONCLUSION

1. Defendants' Motion to Dismiss For Failure to State a Claim should be GRANTED in part and DENIED in part.

    a.   Defendant Corizon Inc. is DISMISSED.

    b.   The Motion is DENIED in all other respects.

2. Defendant Wendy Kelly is dismissed as a party for Plaintiff's failure to state a claim upon which relief may be granted.

SO ORDERED this <u>19th</u> day of June, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE